J. E. BRYANS, Appellant, v. MINNEKOTA ELEVATOR COMPANY, Respondent, and J. B. Meyers, Interested Third Party.

(161 N. W. 718.)

**Appeal — dismissal — motion    for — judgment — ratified — benefits    accepted under.**

> In this case the motion to dismiss the appeal is of little consequence, as the judgment appealed from is clearly right. However, the appeal is dismissed, as appellant has ratified the judgment and accepted benefits under it.

Appeal from the District Court of Renville County, Honorable *K. E. Leighton,* J.

Motion interposed by respondent to dismiss the appeal.

Appeal dismissed.

*J. E. Bryans* for appellant.

*F. B. Lambert* for respondent.

*J. J. Coyle* for J. B. Meyers, interested third party.

ROBINSON, J. The plaintiff avers that in September, 1915, Frank Schilling delivered to the elevator company 824 bushels of wheat, to be held in storage, and that in October, 1915, the company sold and converted the wheat to its own use when it was worth a dollar a bushel;

that Schilling transferred his title and claim to the plaintiff. The grain in question was produced by Frank Schilling, under a cropping contract reserving to the owner of the land on which it was produced the title to the grain until a division with Schilling. In August, 1915, to secure $825, Schilling mortgaged his interest in the grain to J. B. Meyers. On October 4, 1915, he, Schilling, made to the plaintiff, Bryans, a written transfer of the same wheat that he had mortgaged to Meyers, with a right to sue the elevator company for selling and converting the wheat. So, the plaintiff stands in the shoes of Schilling, the mortgagor. Now in the year 1915 Schilling produced on the land about 2,900 bushels of wheat, and without any division the wheat was hauled to the elevator after it was threshed. (That was in September, 1915.) The elevator company made storage checks for the wheat as follows:

Sept. 21, 1915.   To Hynes, the landowner, 997 bushels;

Oct. 6, 1915.   To Hynes, 917.25 bushels;

Sept. 21, 1915.   #10628, (Ex. E.) to Frank Schilling, 997 bushels.

October 2d, under his mortgage, Meyers demanded of the elevator company possession of the storage receipt made to Schilling for his 997 bushels of wheat. Meyers sold the grain to the elevator company for market price, 83 cents a bushel. He received on his mortgage debt $684.25, and the company retained and paid for threshing the grain, $148.25.

It seems Bryans and Schilling thought it possible to defeat the mortgage on the ground that, until a division of the grain, the title was to be in the landowner, and there had been no division; but the district court very justly decided against them, and Bryans appealed to this court. Now, a motion is made to dismiss the appeal on the ground that the plaintiff, Bryans, and his Schilling have, in effect, ratified the judgment which gave the elevator company a credit for payment on the Schilling mortgage, $684.25, and the threshing bill, $148.25.

Meyers, the mortgagee of Schilling, makes affidavit showing that by consent of all parties the elevator company paid the threshing lien on the Schilling wheat, being $148.25. The elevator company paid Meyers on the Schilling mortgage $684, and the $684 was indorsed on the note and mortgage made by Schilling to Meyers. The mortgage covered some other property besides the wheat, and Meyers had commenced proceedings to foreclose when the plaintiff offered to buy the mortgage for the

balance due on it and the cost of the suit, making in all $194.88. In June, 1916, the plaintiff paid Meyers the sum of $194.88, the balance due on the mortgage and the cost of the suit, and he, Meyers, transferred the note and mortgage to the plaintiff.

On June 1, 1916, Bryans writes as follows:

Citizens National Bank,
         Grano, N. D.
I herewith inclose you a check, $194.88, payable to J. B. Meyers. You will turn this check over to Mr. Meyers upon his turning over to you a note for $825 with indorsements on it of $684, signed by Frank Schilling, and properly indorsed to me, together with the chattel mortgage securing the same and the assignment of the chattel mortgage to me. Remit me the note and mortgage, with assignment, and indorsement on the note by Meyers.

                    [Signed]   J. E. Bryans.

The answer is—
J. E. Bryans,
    Mohall, N. D.
We have your letter of the 1st inst., with inclosed check, $194.88, payable to J. B. Meyers, which we have to-day turned over to J. B. Meyers. We return you the notes signed by Frank Schilling, with assignment of mortgage duly executed by Mr. Meyers in your favor.

                    [Signed]   O. L. Hoydle, Cashier.

The answer of Bryans is that, in buying the mortgage, he was acting for Frank Schilling. That answer is immaterial. From beginning to end, the case shows collusion between Bryans and Schilling to beat the mortgage debt. The appeal must be dismissed, and, if not dismissed, it is certain that on the record this court would have to affirm the judgment. The appeal is dismissed.

Mr. Justice GRACE, being disqualified, did not participate.